IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00132-MR

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MIKE SLAGLE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending are: a Second Declaration [Doc. 11] that is construed as a Motion to Amend and Supplement; and a Motion for a Temporary Restraining Order [Doc. 12]. The Plaintiff is proceeding in forma pauperis. [Doc. 13].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. [Doc. 1]. He names as Defendants: Mike Slagle, the MVCI superintendent; Dexter Gibbs, the MVCI assistant warden; and Eddie M. Buffaloe, the North Carolina Department of Public Safety (NCDPS)

secretary. He claims that the Defendants have violated his First and Eighth Amendment[1] rights by stopping religious services in 2020, and by placing the facility on lockdown in January 2022 without providing inmates with "proper notice." [Doc. 1 at 4-5]. As injury, he claims: "Not being able to have religious services, and being on lockdown for 3 months without notice and being able to shave/haircut or only go outside 7 or 8 times have affected my mental health and my backpains have increased because of in part a lack of outside exercise and recreation, the defendants are also denying inmates religious correspondent courses." [Doc. 1 at 5 (footnote omitted)]. He seeks a declaratory judgment and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

[1] The Complaint is also liberally construed as including a Fourteenth Amendment due process claim.

2

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff appears to assert claims on behalf of himself as well as on behalf of other MVCI inmates. [See, e.g., Doc. 1-2 at 4 (referring to 9 to 10 inmates who have gone on suicide watch); id. at 3 (claiming that "many inmates" are unable to get in touch with their families). As a pro se prisoner, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418

3

F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, the Complaint is dismissed to the extent that the Plaintiff attempts to assert claims on behalf of others.

The Complaint contains pronouns and vague terms such as "officers" rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1-2 at 2]. To the extent that the Court is unable to determine to whom the Plaintiff refers, these claims are too vague and conclusory to proceed and are dismissed without prejudice. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193,

4

201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, to the extent that the Plaintiff refers to individuals who have not been named as defendants in the caption as required by the Federal Rules of Civil Procedure, the allegations are nullities. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as defendants are, therefore, also dismissed without prejudice.

**B.    Religious Exercise**

The Plaintiff alleges that the Defendants "are refusing to allow inmates to have religious services since 2020," [Doc. 1 at 4-5; Doc. 1-2 at 3], and "are denying inmates religious correspondent courses." [Doc. 1 at 5].

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his

5

religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Plaintiff's allegations are too vague and conclusory to state a free exercise claim. He does not allege that he had a sincere religious belief, or that the Defendants substantially burdened his ability to practice his religion. Accordingly, this claim is dismissed without prejudice.

**C.     Conditions of Confinement**

The Plaintiff claims that, since January 2022, he has been on solitary lockdown due to staffing shortages[2] [Doc. 1 at 5; Doc. 1-2 at 2]; that he has not had the opportunity to shave or get a haircut [Doc. 1 at 5]; that he has only had outdoor recreation seven or eight times in a three-month period, which he alleges is "not … [a] proper amount of outside recreation" [id. at 4-5]; that the ability to make phone calls is restricted to one hour three times per day [Doc. 1-2 at 3]; and that showers are not immediately available [id.]. The Plaintiff claims that these conditions have exacerbated his mental health

---

[2] The details of the lockdown are unclear. The Plaintiff claims that 23-hour lockdown was instituted on January 15, 2022 [Doc. 1-2 at 2], but he also claims that inmates are allowed out of their cells for one hour three times each day [id. at 3]. [See also Doc. 12 at 2 (Motion for a Temporary Restraining Order referring to 21- or 22-hour lockdown)].

6

conditions[3] and are partially responsible for his increased back pain. [Doc. 1 at 5; Doc. 1-2 at 5-6].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious— and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must

---

[3] See Section C, infra.

7

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, the Plaintiff's allegations are too vague and conclusory to state an Eighth Amendment violation. The conditions that the Plaintiff has identified are not objectively serious enough, and he has failed to adequately allege that these conditions resulted from the Defendants' deliberate indifference, rather than circumstances outside the Defendants' control. [See Doc. 1-2 at 2 (noting that "officers" told "inmates" that the lockdowns were due to officer covid infections and short-staffing)]. Accordingly, the Plaintiff's Eighth Amendment claim regarding the conditions of his confinement is dismissed without prejudice.

### C. Deliberate Indifference to Serious Medical and Psychological Needs

The Plaintiff claims that he has been diagnosed with PTSD, ADHD, general anxiety, and major depressive disorder [Doc. 1-2 at 5]; that placing MVCI, a mental health prison, on lockdown is deliberately indifferent to his medical and mental health needs [id. at 2-3]; that there are "extreme delay[s]" in obtaining medical treatment [id. at 3]; and that there are "delays" in

8

receiving self-medications [id.]. The Plaintiff claims that he has struggled with increased stress, vivid dreams, and hair-pulling due to anxiety, and that he has had a mild worsening of his depression. [Id. at 5-6].

Prisoners have the right to receive adequate medical care while incarcerated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). This constitutional right is violated when a prison official demonstrates "deliberate indifference" to an inmate's serious medical or psychological needs. Id.; Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990) ("A serious psychological impairment can qualify as [a serious] medical need."). To state a § 1983 claim for deliberate indifference to a serious medical need, a prisoner must show that he has a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see Farmer, 511 U.S. at 832.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless

9

disregards them.  DePaola, 884 F.3d at 846.  The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Mere negligence or malpractice does not violate the Eighth Amendment.  Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

Assuming arguendo that the Plaintiff has serious medical and psychological needs, he has failed to state a deliberate indifference claim.  He has not plausibly alleged that any of the Defendants—all of whom are non-medical administrative supervisors—were aware of, and were deliberately indifferent to, a serious medical or psychological need.  Moreover, this claim fails to the extent that it is based on *respondeat superior*, which provides no basis for § 1983 liability.  See generally Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978) (Section 1983 liability cannot be based on *respondeat superior* alone); [see Doc. 1 at 4 ("Defendant's Mike Slagle and Dexter Gibbs are 1&2 in command at the prison … [and] Eddie Buffaloe is in direct charge of all prison's in North Carolina") (errors uncorrected)].  Therefore, the Plaintiff's claim for deliberate indifference to his serious medical and psychological needs is dismissed without prejudice.

**D. Due Process**

The Plaintiff claims that the Defendants instituted a facility lockdown without giving the Plaintiff "proper notice" explaining the reason for the lockdown. [Doc. 1 at 4, 5; Doc. 1-2 at 2-3].

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

The Plaintiff has failed to adequately allege that he had any liberty interest in avoiding the conditions of which he presently complains, or that

any Defendant failed to provide him with any required process. See Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) ("harsh and atypical confinement conditions in and of themselves [do not] give rise to a liberty interest in their avoidance"). Therefore, the Plaintiff's due process claim is dismissed without prejudice.

### E. Motion to Amend and Supplement

In his Motion to Supplement, the Plaintiff seeks to "add things that were left out and or things that have just came up…." [Doc. 11 at 1] (errors uncorrected). Specifically, the Plaintiff claims that he has been diagnosed with scoliosis [id. at 3]; that a sick call in March 2022 for severe back pain was denied by a "nurse" and an "officer" [id. at 2-4]; that a "nurse" rescheduled his back appointment on several occasions in July 2022 [id. at 2-3]; and that there have been days when he was not allowed out of his cell [id. at 3]. He disagrees with the prison's claim of understaffing and argues that the prison should allow inmates to have time in the dayroom. [Id. at 3-4].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may

12

Case 1:22-cv-00132-MR   Document 16   Filed 10/03/22   Page 12 of 16

subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may permit a party to serve a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented…." Fed. R. Civ. P. 15(d).

The Plaintiff's request to amend and supplement the Complaint is denied. The allegations are nullities insofar as they refer to individuals who have not been named as defendants. See Section A, *supra*. The claims about insufficient medical care and the conditions of his confinement fail to state a claim for the reasons discussed previously. See Sections B and C *supra*. Moreover, piecemeal amendment will not be allowed.

Therefore, the Motion to Amend and Supplement is denied without prejudice to file a superseding Amended Complaint in accordance with this Order and all applicable timeliness and procedural requirements.[4]

---

[4] The Plaintiff has filed documents including "Declarations" and exhibits that appear to be in the nature of premature summary judgment filings. [See, e.g., Docs. 2, 4, 7, 8, 9]. The Plaintiff is cautioned that premature, piecemeal, vexatious, or otherwise improper filings are subject to being stricken. [See generally Doc. 5 (Order of Instructions)]. If the Plaintiff is attempting to ask the Court for relief, he must do so in a motion. [Id.]. If the Plaintiff is attempting to assert claims or make allegations, he must do so in a superseding Amended Complaint. See generally Fed. R. Civ. P. 15. Any claims or allegations that are not included the Amended Complaint will be waived. See generally Young v. City of Mt. Ranier, 238 F.3d 567 (4th 2001) (as a general rule, and amended pleading ordinarily supersedes the original and renders it of no legal effect).

### F. Temporary Restraining Order

The Plaintiff claims that he has been on solitary lockdown for almost eight months and that he is being denied religious services and "inmate mental health." [Doc. 12 at 1]. He asks the Court to require the Defendants to "find a resolution for the entire inmate population being locked in their cells for 21 & 22 hours a day…;" reduce the inmate population; bring in the national guard or officers from other prisons; shut down the entire prison; or allow inmates to occupy the dayroom. [Id. at 1-2].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements

14

Case 1:22-cv-00132-MR   Document 16   Filed 10/03/22   Page 14 of 16

that would warrant preliminary injunctive relief. Therefore, this Motion is denied.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed without prejudice. The Second Declaration is construed as a Motion to Amend and Supplement and is denied without prejudice to amend the Complaint as described in this Order. The Motion for Temporary Restraining Order is denied.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff's Second Declaration [Doc. 11] is construed as a Motion to Amend and Supplement and is **DENIED WITHOUT PREJUDICE**.

3. The Plaintiff's Motion for a Temporary Restraining Order [Doc. 12] is **DENIED**.

4. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 2, 2022

Martin Reidinger
Chief United States District Judge