IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00132-MR

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MIKE SLAGLE, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 17]. The Plaintiff is proceeding in forma pauperis. [Doc. 13].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 16]. The Amended Complaint is now before the Court for initial review. [Doc. 17].

He names as Defendants: Mike Slagle, the MVCI superintendent, in his official capacity; FNU Melton, the MVCI lead nurse, in her individual

capacity; and FNU Hughes, an MVCI sick call nurse, in her individual capacity. He asserts that Defendants violated his rights under the Eighth and Fourteenth Amendments by subjecting him to lockdown without notice (Defendant Slagle) and delaying his treatment for back pain for six or seven months (Defendants Melton and Hughes).[1] [Id. at 3-5]. For injury, he claims "increased back pain (scoliosis)," deterioration of eyesight, "feeling cold - poor blood circulation," headaches, and various emotional symptoms including the exacerbation of pre-existing mental and emotional symptoms, heart palpitations, anxiety, depression, increased anger, short attention span, and mild paranoia. [Id. at 5, 13]. He seeks injunctive relief against Defendant Slagle, and damages against Defendants Melton and Hughes. [Doc. 17 at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

---

[1] The Plaintiff also purports to assert a claim against Defendant Slagle pursuant to 42 U.S.C. § 1997e(e). [Doc. 17 at 3, 13]. However, Section 1997e(e) is a provision of the Prison Litigation Reform Act (PLRA) that bars a prisoner from obtaining damages for mental or emotional injury absent a prior showing of physical injury or the commission of a sexual act; it does not provide a cause of action. Therefore, to the extent that the Plaintiff attempts to assert a claim pursuant to Section 1997e(e), it is dismissed.

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[2]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

---

[2] The relevant Eighth and Fourteenth Amendment standards are set forth in the Order on initial review of the Complaint. [See Doc. 16].

3

The Plaintiff claims that Defendants Melton and Hughes violated the Eighth Amendment by "unnecessarily delay[ing] [his] sick call and medical treatment for 6-7 months for back pain." [Id. at 4]. He claims that, as a result of their deliberate indifference, he suffered "increased backpain (scoliosis)," "severe backpain for 6-7 months without seeing a nurse or doctor," and headaches. [Id. at 5].

The Plaintiff has failed to adequately allege that his "back pain" was an objectively serious medical need at the relevant time, that Defendants Melton and Hughes were aware of such, or that the delay in his receipt of treatment resulted from their deliberate indifference rather than negligence. [See Doc. 16 at 10]. Accordingly, this claim is dismissed.

The Plaintiff claims that Defendant Slagle violated the Eighth Amendment by imposing lockdown for 22 hours a day beginning in January 2022, and for 21 hours a day beginning in April 2022. He claims that "Mike Slagle has done this lockdown in bad faith, without notice to inmates and being proactive in areas so we can come off." [Doc. 17 at 4]. According to the Plaintiff, the lockdown has caused him "mild physical issues" and the exacerbation of pre-existing mental health issues. [Id. at 5].

The Plaintiff has again failed to state a plausible Eighth Amendment claim with regard to the lockdown. He does not identify conditions that are

4

sufficiently serious, and he has failed to plausibly allege that Defendant Slagle knew of, and was deliberately indifferent, to a substantial risk of serious harm. [See Doc. 16 at 6-8]. Accordingly, this claim is dismissed for the reasons discussed on initial review of the Complaint. [Id.].

Nor has the Plaintiff stated a plausible Fourteenth Amendment due process claim with the alleged lack of notice before the imposition of lockdown, or the absence of a mechanism for him to have the lockdown terminated. [See Doc. 17 at 4]. The Plaintiff has not adequately alleged the existence of any protected liberty or property interest, or that any Defendant failed to provide him with any required process. [See Doc. 16 at 11-12]. The Plaintiff's due process claim is, therefore, dismissed for the reasons discussed on initial review of the Complaint. [Id.].

The Court will dismiss this action with prejudice because the Plaintiff has already amended his complaint once and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 17] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 28, 2023

Martin Reidinger
Chief United States District Judge